IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**STATE OF OHIO, ex rel. MARC DANN,**
    **Plaintiff,**

**vs.**
    **CASE NO. 2:07 CV 1149**
    **JUDGE GREGORY L. FROST**
    **MAGISTRATE JUDGE MARK R. ABEL**

**CITIBANK (SOUTH DAKOTA), N.A., et al.,**
    **Defendants.**

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss of Defendant CitiBank (South Dakota), N.A. ("CitiBank" or "Defendant") (Doc. # 9), CitiBank's Motion to Strike Portions of Plaintiff's Complaint (Doc. # 10), Plaintiff's Motion for Remand for Lack of Diversity Jurisdiction (Doc. # 14), Plaintiff's Motion for Remand for Lack of Federal Question Jurisdiction (Doc. # 37), Plaintiff's request for costs and attorney fees for improper removal (Doc. 14) and CitiBank's request for oral argument on Plaintiff's motions for remand (Doc. # 23).

For the reasons that follow, the Court **GRANTS** Plaintiff's Motion for Remand for Lack of Diversity Jurisdiction, **GRANTS** Plaintiff's Motion for Remand for Lack of Federal Question Jurisdiction, **DENIES** Plaintiff's request for costs and attorney fees, **DENIES** CitiBank's request for oral argument, **DENIES AS MOOT** CitiBank's Motion to Strike, and **DENIES AS MOOT** CitiBank's Motion to Dismiss.

# I. BACKGROUND

## A. Relevant Facts

On September 19, 2007, the state of Ohio, by and through Marc Dann, Attorney General of Ohio, brought this action in the Common Pleas Court of Franklin County, Ohio against CitiBank, Potbelly Sandwich Works, LLC, and Scott Simmons.  The parties have jointly dismissed Defendant Potbelly Sandwich Works, LLC and added as a defendant Party Elite Promotional Marketing, Inc.

In the Complaint, Plaintiff alleges violations of the Ohio Consumer Sales Practices Act ("OCSPA"), Ohio Rev. Code § 1345.01 *et seq*.  Specifically, Plaintiff alleges that CitiBank through its agent or employee, produced and distributed fliers on or around the Ohio State University main campus offering students a free sandwich and drink at Potbelly Sandwich Work's off-campus location, without disclosing that to obtain the free items, a student was required to complete an application for a CitiBank credit card.

## B. Procedural History

Defendant removed this action from the Franklin County Court of Common Pleas on November 6, 2007.  (Doc. # 2.)

On January 14, 2008, Defendant filed CitiBank's Motion to Strike Portions of Plaintiff's Complaint wherein it requested that the Court strike three of Plaintiff's prayers for relief.  (Doc. # 10.)  On February 21, 2008, Plaintiff filed its Memorandum in Opposition to CitiBank's Motion to Strike (Doc. # 21), and on March 7, 2008, CitiBank filed its Reply in Support of its Motion to Strike (Doc. # 30).

On January 14, 2008, Defendant also filed CitiBank's Motion to Dismiss (Doc. # 9), in

which it requested dismissal for failure to state a claim upon which relief can be granted, Fed. R. Civ. P. 12(b)(6).  On February 21, 2008, Plaintiff filed its Opposition to CitiBank's Motion to Dismiss (Doc. # 20), and on March 7, 2008, CitiBank filed its Reply in Support of its Motion to Dismiss (Doc. # 31).

On January 18, 2008, Plaintiff filed Plaintiff's Motion for Remand for Lack of Diversity Jurisdiction (Doc. # 14), arguing that this case was removed based on diversity jurisdiction and that complete diversity was lacking.  On February 25, 2008, Defendant filed CitiBank's Memorandum in Opposition to Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction (Doc. # 23), and on March 7, 2008, Plaintiff filed Plaintiff's Reply in Support of its Motion for Remand for Lack of Diversity Jurisdiction (Doc. # 29).

On February 29, 2008, Plaintiff filed an Amended Complaint.  (Doc. # 25.)  On March 5, 2008, CitiBank filed a Supplemental and Amended Notice of Removal wherein it indicated that based on the Amended Complaint, this action became removable under federal question jurisdiction.  (Doc. # 28.)

On March 11, 2008, this Court held a status conference.  On that same day, the Court issued two Scheduling Orders outlining supplemental briefing schedules on Plaintiff's Motion for Remand for Lack of Diversity and on both of CitiBank's motions so that the parties could address the Supplemental and Amended Notice of Removal.  (Doc. ## 33, 34.)

 On March 13, 2008, Plaintiff filed Plaintiff's Motion for Remand for Lack of Federal Question Jurisdiction (Doc. # 37), and on March 27, 2008, Defendant filed CitiBank's Memorandum in Opposition to Plaintiff's Motion for Remand for Lack of Federal Question Jurisdiction  (Doc. # 40).  On April 9, 2008, Plaintiff filed Plaintiff's Reply in Support of its

3

Motion for Remand for Lack of Federal Question Jurisdiction (Doc. # 42).

On March 21, 2008, Defendant filed its Supplement to CitiBank's Motion to Dismiss and Motion to Strike. (Doc. # 38.) On April 14, 2008, Plaintiff filed its Supplement to its Memoranda in Opposition to CitiBank's Motions to Dismiss and to Strike (Doc. # 43), and on April 25, 2008, CitiBank filed its Supplemental Reply in Support of its Motions to Dismiss and to Strike (Doc. # 44.

### III.  ANALYSIS

#### A. Plaintiff's Motions to Remand

Plaintiff moves for remand pursuant to 28 U.S.C. § 1447(c), which provides in relevant part: "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." Removal statutes are to be strictly construed, and "all doubts as to the propriety of removal are resolved in favor of remand." *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999). The burden of proving the existence of jurisdiction falls on the defendant who seeks removal. *Id.* at 492-93 (citing *Her Majesty the Queen v. Detroit*, 874 F.2d 332, 339 (6th Cir. 1989).

In Plaintiff's motions for remand, Plaintiff argues that they are entitled to remand because Defendant has not met its burden of showing that complete diversity exists and because Defendant has failed to establish that Plaintiff has alleged a cause of action that arises under federal law. Consequently, Plaintiff concludes, the Court lacks subject matter jurisdiction over this action. The Court agrees.

**1. Plaintiff's Motion for Remand for Lack of Diversity Jurisdiction**

Defendant removed this action under 28 U.S.C. § 1332, which grants federal district

courts original jurisdiction over any action in which the amount in controversy exceeds $ 75,000 and is between citizens of different states.  "[D]iversity jurisdiction attaches only when all parties on one side of the litigation are of a different citizenship from all parties on the other side of the litigation."  *SHR Ltd. P'ship v. Braun*, 888 F.2d 455, 456 (6th Cir. 1989); *accord Strawbridge v. Curtiss*, 7 U.S. 267, 2 L. Ed. 435 (1806).  The United States Supreme Court has long held that a state is not a citizen for the purpose of establishing diversity jurisdiction.  *See Postal Telegraph Cable Co. v. Alabama*, 155 U.S. 482, 487 (1894) ("it is well settled that a suit between a State and a citizen or a corporation of another State is not between citizens of different States").  Thus, Defendant cannot argue that diversity jurisdiction exists based on the state of Ohio's "citizenship."

Instead, in opposition to remand, Defendant argues that this Court possesses diversity jurisdiction because the student consumers are the real parties in interest in this action (not the state of Ohio) and that the students are citizens of Ohio.  It is not contested that CitiBank is domiciled in South Dakota.  Thus, Defendant concludes that complete diversity exists in this matter.  Defendant's argument, however, is not well taken.

A sister district court recently issued a decision on this very issue that this Court finds well-reasoned and persuasive.  In *Kentucky v. Marathon Petroleum Co., LLC*, No. 3:07-cv-00030-KKC, 2007 U.S. Dist. LEXIS 74117 (E.D. Ky. October 3, 2007), the court reviewed and considered several cases on point and instructed that when determining whether diversity jurisdiction exists when a state official brings an action, courts consider the complaint as a whole to determine whether the state is the primary beneficiary of the action.  *See id.* at 11 (citing *In Hood ex. rel. Mississippi v. Microsoft Corp.*, 428 F. Supp.2d 537 (S.D. Miss. 2006);

5

*see also Wisconsin v. Abbott Lab.*, 341 F. Supp.2d 1057 (W.D. Wis. 2004), ("viewing the complaint as a whole," the court determines whether the state had a "substantial stake" in the outcome of the case).  The *Marathon Petroleum Co.* court indicated that the factors to consider are whether the state statute under which the action was brought grants the attorney general specific statutory authority to bring the suit in the name of the state, whether the relief sought is injunctive so as to regulate business conduct, whether any civil penalties will go to the state treasury, and whether any identifiable individual consumers are granted redress.  *Marathon Petroleum Co.,* 2007 U.S. Dist. LEXIS 74117, at *14 (concluding that Kentucky was the real party in interest even though the Kentucky Attorney General sought "restitution on behalf of particular consumers, this [relief] is only one aspect of the wide-ranging relief sought, the substantial portion of which will benefit all Kentucky consumers").

    Here, the Ohio Attorney General has the express statutory authority to bring enforcement actions pursuant to the OCSPA.  Ohio Rev. Code 1345.07(A).  Further, the Attorney General's enforcement powers under the OCSPA are directed toward the regulation of supplier conduct, not the recompense of individual consumers.  *See Brown v. Mkt. Dev.*, Inc., 41 Ohio Misc. 57, 60 (1974) (the OCSPA "intended to prohibit (and to provide civil remedies to enforce the prohibition of) deceptive and unconscionable acts and practices by Ohio suppliers"); *see also TolTest, Inc. v. Nelson-Delk*, No. 3:03-cv-7315, 2008 U.S. Dist. LEXIS 32920, at *29-30 (N.D. Ohio Apr. 22, 2008) ("The OCSPA applies to the actions of suppliers in Ohio, even if the ultimate subject of the transaction is located outside the state and even if the supplier itself is based outside the state.").  Specifically, the Attorney General requests prospective injunctive relief, to secure Ohio as an honest marketplace and to promote proper business practices in Ohio.

Indeed, the Complaint does not seek relief for any individual students. Moreover, the only relief sought aside from prospective injunctive and declaratory relief are civil penalties that will go to the state treasury.

The Court concludes that the state of Ohio has a substantial stake in this action and is the primary beneficiary of the relief requested. Consequently, Ohio is the real parties in interest–not the individual Ohio State students, which prevents the existence of complete diversity. *See Postal Telegraph Cable Co.*, 155 U.S. at 487 (Ohio cannot be a citizen for purpose of diversity jurisdiction. Accordingly, the Court **GRANTS** Plaintiff's Motion for Remand for Lack of Diversity Jurisdiction. (Doc. # 14.)

**2. Plaintiff's Motion for Remand for Lack of Federal Question Jurisdiction**

Federal district courts have original jurisdiction over "all civil actions arising under the Constitution, laws or treaties of the United States." 28 U.S.C. § 1331. Count V of the Amended Complaint is captioned as seeking relief for acts "in violation of R.C. § 1345.02 [(the 'OCSPA')] and 16 C.F.R. [§] 251.1 [('Section 251.1')]." Defendant argues that the "meaning of the word 'and' in that phrase is unmistakable -- *i.e.*, Plaintiff asserts a separate claim under Section 251.1." (Doc. # 40 at 2.) Because Section 251.1 was promulgated pursuant to the Federal Trade Commission Act, 15 U.S.C. §§ 41-58 (the "FTCA"),[1] CitiBank concludes that "Plaintiff invokes federal law and federal question jurisdiction exists." *Id.* Defendant's argument is not well taken.

The United States District Court for the Middle District of Tennessee, a sister district court, has spoken persuasively on this precise issue. In *Tennessee v. Britlee, Inc.*, No. 3:07-cv-

---

[1] 16 C.F.R. § 251.1 includes a definition of the term "free" as used in the context of an offer of "free" merchandise or services as a promotional device.

0988, 2007 U.S. Dist. LEXIS 80364 (M.D. Tenn. October 30, 2007), the court determined that the plaintiff's allegation in the amended complaint that the defendant "failed to comply with 16 C.F.R. § 251.1" did not state a claim under the FTCA and consequently, failed to establish federal question jurisdiction. *Id.* at *7 (granting remand to plaintiff). This Court agrees with the *Britlee* court's conclusion and finds its analysis sound.

"The presence of 'arising under' or 'federal question' jurisdiction is governed by the well pleaded-complaint rule." *Id.* at *7 (citing *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987)). To determine whether federal jurisdiction exists, the court looks to the allegations contained in the plaintiff's complaint. *Id.* (citing *Gully v. First Nat'l Bank of Meridian*, 299 U.S. 109, 112 (1936)). "For a suit to 'arise under' the Constitution or laws of the United States, 'a right or immunity created by the Constitution or laws of the United States must be an element, and an essential one, of the plaintiff's cause of action.' " *Id.* (citing *Gully*, 299 U.S. at 112). The federal question must be "disclosed upon the face of the complaint, unaided by the answer." *Id.* at 113. "Further, 'the mere presence of a federal issue in a state cause of action does not automatically confer federal-question jurisdiction.' " *Id.* at *7-8 (citing *Merrell Dow Pharm. Inc. v. Thompson*, 478 U.S. 804, 813 (1986)).

The *Britlee* court reasoned:

To be sure, the Supreme Court has noted that "a case may arise under federal law 'where the vindication of a right under state law necessarily turned on some construction of federal law.' " *Id.* at 808-09 (citing *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 9 (1983)).

In *Merrell Dow*, however, the Court noted that the "actual holding in *Franchise Tax Board* demonstrates that this holding must be read with caution," given that the case "turned on the meaning of the Employee Retirement Income Security Act of 1974," but the Court nonetheless concluded that federal question jurisdiction was lacking. *Id.* at 809. The *Merrell Dow* Court, faced with a similar issue,

8

> finally held that "a complaint alleging a violation of a federal statute as an element of a state cause of action, when Congress has determined that there should be no private, federal cause of action for the violation, does not state a claim 'arising under the Constitution, laws, or treaties of the United States.' " *Id.* at 817 (quoting 28 U.S.C. § 1331.)
>
> That holding is binding here.

*Id.* at 8-9.  The court went on to explain that the holding in *Merrell Dow* prevented Section 251.1[2] from providing a basis for federal question jurisdiction since Section 251.1 does not create a private cause of action and instead, "can only be enforced by the [Federal Trade Commission] FTC.  *Id.* at *9.  Moreover, the *Britlee* court explained, Tennessee did not allege a cause of action or claim based upon Section 251.1 and instead, alleged that the defendants, "by engaging in acts defined as 'unfair or deceptive' under the FTC regulations have committed violations of the [Tennessee Consumer Protection Act, Tenn. Code Ann. § 47-18-101 *et seq*. ('TCPA')].[3]"  Specifically, Tennessee prayed for relief only under the TCPA.  The *Britlee* court concluded: "Reference to the FTC regulations therefore does not cause the State's claims to 'arise under' federal law."

Applying that analysis to the instant action renders the same result.  That is, *Merrell Dow* prevents Section 251.1 from providing a basis for federal question jurisdiction since Section 251.1 does not create a private cause of action but rather, can only be enforced by the FTC.  Further, Plaintiff here, like *Britlee's* plaintiff, does not allege a cause of action or claim based

---

[2]*Britlee* also considered another FTC regulation, 16 C.F. R. § 433.2, and concluded that it, like Section 251.1 failed to establish federal question jurisdiction.

[3]"A violation of 16 C.F.R. [§] 433 being an unlawful unfair and deceptive act, is a *per se* unfair and deceptive act under the [TCPA]."  *Britlee*, 2007 U.S. Dist. LEXIS 80364, at *5 fn.2.

upon Section 251.1 and instead, alleges that Defendant, by engaging in "deceptive acts or practices," as defined under the FTC regulations have committed violations of the OCSPA. Indeed, the OCSPA expressly directs that in construing the phrase "deceptive act or practice" under the Ohio Revised Code § 1345.02(a), courts are to give "due consideration and great weight" to section 45 of the FTCA, the court decisions construing the Act, and to FTC orders, promulgated rules, and guides. Ohio Rev. Code § 1345.02(c). However, although the courts are required to give consideration and deference to the federal regulations they are not required to follow them. Finally, Ohio, like Tennessee in *Britlee* has prayed for relief only under a state statute. Thus, like the *Britlee* court's conclusion, this Court concludes that Plaintiff's reference to the FTC regulations does not cause the Ohio Attorney General's claims to arise under federal law.

Consequently, the Court concludes that Defendant has failed to meet its burden of establishing federal question jurisdiction exists in this action. Thus, the Court **GRANTS** Plaintiff's Motion for Remand for Lack of Federal Question Jurisdiction. (Doc. # 37.)

## B. Plaintiff's Request for Attorney Fees and Costs

Plaintiff also requests an award of the attorney fees and costs it has incurred in bringing its motions to remand pursuant to 28 U.S.C. § 1447(c), which provides in pertinent part:

> An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal.

The United States Court of Appeals for the Sixth Circuit has stated that its "rule that 'the award of attorney fees for trial work is within the sound discretion of the district court,' *Wrenn v. Gould*, 808 F.2d 493, 504 (6th Cir. 1987), also applies to motions for attorney fees under 28 U.S.C. § 1447(c)." *Bartholomew v Town of Collierville*, 409 F.3d 684, 686 (6th Cir. 2005).

The circuit court further instructed that "[w]hen the district court denies attorney fees, it 'abuses its discretion by refusing to award fees where the defendant's argument for removal was devoid of even fair support.' " *Id.*

In the instant action, the Court concludes that CitiBank's arguments for removal were not devoid of some fair support. Consequently, the Court **DENIES** Plaintiff's request for attorney fees and costs.

## C.  CitiBank's Request for Oral Argument

Pursuant to the Local Rules for the Southern District of Ohio, parties may apply to the Court for oral argument if "oral argument is deemed to be essential to the fair resolution of the case because of its public importance or the complexity of the factual or legal issues presented." S.D. Ohio Civ. R. 7.1(b)(2). Parties apply "by including the phrase 'ORAL ARGUMENT REQUESTED' (or its equivalent) on the caption of the motion or on a memorandum." *Id.* The parties must also "succinctly explain[]" the grounds for such request. *Id.* (emphasis in original). "If the Court determines argument or a conference would be helpful, the Court will notify all parties." *Id.* Whether to grant or deny oral argument is left to the sound discretion of the trial court. *See Whitescarver v. Sabin Robbins Paper Co.*, No. C-1-03-911, 2006 U.S. Dist. LEXIS 51524, at *5-6 (S.D. Ohio July 27, 2006).

In the case *sub judice*, CitiBank has placed the phrase "Oral Argument Requested" on its Memorandum in Opposition to Plaintiff's Motion to Remand for Lack of Diversity Jurisdiction. (Doc. # 23.) The Court, however, concludes this case is not one that presents complex factual or legal issues of public importance so that oral argument is essential to the fair resolution of it. Accordingly, the Court **DENIES** CitiBank's request for oral argument.

**D. CitiBank's Motion to Dismiss and CitiBank's Motion to Strike**

Because this Court has determined that it lacks subject matter jurisdiction to entertain this action, it is without power to consider CitiBank's two pending motions. *See Vermont Agency of Natural Resources v. United States*, 529 U.S. 765, 778 (2000) ("Questions of jurisdiction, of course, should be given priority -- since if there is no jurisdiction there is no authority to sit in judgment of anything else." citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 93-102 (1998)). Accordingly, CitiBank's Motion to Dismiss and to CitiBank's Motion to Strike have been rendered **MOOT**.

### IV.  CONCLUSION

Based on the foregoing, the Court **GRANTS** Plaintiff's Motion for Remand for Lack of Diversity Jurisdiction (Doc. # 14), **GRANTS** Plaintiff's Motion for Remand for Lack of Federal Question Jurisdiction (Doc. # 37), **DENIES** Plaintiff's request for costs and attorney fees, **DENIES** CitiBank's request for oral argument, **DENIES AS MOOT** CitiBank's Motion to Strike (Doc. # 10), and **DENIES AS MOOT** CitiBank's Motion to Dismiss (Doc. # 9). The Clerk is **DIRECTED** to **REMAND** this matter to the Franklin County Common Pleas Court.

**IT IS SO ORDERED.**

>  **/s/ Gregory L. Frost**
>  **GREGORY L. FROST**
>  **UNITED STATES DISTRICT JUDGE**